PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM EVANS, | ) |
|     Plaintiff, | ) CASE NO. 5:12CV01459 <br> ) <br> ) |
| v. | ) JUDGE BENITA Y. PEARSON <br> ) |
| OHIO LABORERS FRINGE BENEFIT <br> PROGRAMS, *et al.*, | ) <br> ) <br> ) |
|     Defendants. | ) **MEMORANDUM OF OPINION AND** <br> ) **ORDER** [Resolving ECF Nos. 11, 16.] |

    This Motion for Summary Judgment (ECF Nos. 11, 16) calls upon the Court to decide whether the plaintiff's lawsuit is barred under the "two-dismissal rule" set forth in Federal Rule of Civil Procedure 41(a)(1)(B). That rule precludes, in certain circumstances, an action if a plaintiff has already twice-dismissed an action "based on or including the same claim." The Court has reviewed and considered the briefs, exhibits and governing law. For the reasons articulated below, the Court denies the Motion for Summary Judgment.

## I. Factual and Procedural History

    Plaintiff William Evans has filed three lawsuits seeking a judicial declaration of his entitlement to retirement and pension benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. The lawsuit currently before the Court is the third installment in the Evans trilogy of cases.

    The first lawsuit ("Evans I") was filed on September 30, 2010, in the Summit County, Ohio, Court of Common Pleas, and named the Ohio Laborers' Fringe Benefit Programs ("OLFBP") and the Laborers' District Council of Ohio ("LDC") as defendants. ECF No. 11-1.

(5:12CV01459)

Evans alleged in the complaint that he was a union laborer, the defendants are labor organizations, and he is entitled to collect retirement and pension benefits from the defendants even though they claimed he had not accumulated enough service credits to qualify. ECF No. 11-1 at 1-2. Evans sought a declaration from the court that he in fact had "sufficient service time" to qualify for the benefits. ECF No. 11-1 at 3. Twelve days after the complaint was filed, and before any answers, responsive pleadings or motions were filed by the defendants, Evans filed a voluntary notice of dismissal, terminating the action. ECF Nos. 11-2; 12 at 2.

On April 26, 2011, Evans filed the second lawsuit ("Evans II") in federal district court and alleged the same facts as he did in Evans I, albeit with greater detail. ECF No. 11-3. Again, Evans sought a judicial declaration that he had "accumulated sufficient service time" to collect the benefits due to him. ECF No. 11-3 at 3. This time, however, in addition to OLFBP and LDC, Evans also named the Laborers' District Council and Contractor's Pension Fund of Ohio (the "Pension Fund") as a defendant. Before any answers, responsive pleadings or motions were filed by any of the defendants, Evans filed notices of voluntary dismissal as to each defendant.[1] ECF Nos. 11-4; 11-5; *see* docket of *Evans v. OLFBP*, Case No. 5:11CV00815.

The present action ("Evans III") was filed on June 8, 2012, against OLFBP, LDC and the Pension Fund. Evans alleges the same facts and seeks the same relief he did in Evans II. This action, however, has not been dismissed. While OLFBP and LDC were earlier dismissed on Evans' own motion (ECF No. 6), the Pension Fund remains in the lawsuit as the lone defendant.

---

[1] Evans first dismissed the action as to OLFBP and LDC. ECF No. 11-4. Two weeks later, Evans dismissed the action with respect to the Pension Fund. ECF No. 11-5.

(5:12CV01459)

Thereafter, Pension Fund moved to dismiss this action on the ground of *res judicata* because, according to the Pension Fund, the two-dismissal rule of Fed. R. Civ. P. 41(a)(1)(B) treats the dismissal of Evans II as an adjudication on the merits. ECF No. 11. After reviewing the supporting memorandum (ECF No. 11) and the responsive briefs (ECF Nos. 12, 14), Court determined that matters outside the pleadings had been presented, and, pursuant to Fed. R. Civ. P. 12(d), notified the parties that it would convert the motion to dismiss into a Rule 56 motion for summary judgment. ECF No. 15. Furthermore, because the Court perceived that the success or failure of the motion would hinge upon the relationship between OLFBP and the Pension Fund, the Court allowed the parties to submit additional materials pertinent to that issue. ECF No. 15.

On November 2, 2012, the Pension Fund filed a "Motion for Summary Judgment"[2] and appended various supporting exhibits. ECF No. 16. Evans filed an opposition and exhibits on November 16, 2012. ECF No. 17. On December 3, 2012, the Pension Fund filed a reply. ECF No. 18. This matter is ripe for the Court's review and adjudication.

## II. Legal Standard

"Summary judgment is appropriate only 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled judgment as a matter of law.'" *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (*quoting* Fed. R. Civ. P. 56(a)). "Where the moving party carries its initial burden, the nonmoving party 'may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth

---

[2] The label affixed to this pleading is technically incorrect. As discussed, the original motion to dismiss was converted by the Court into a motion for summary judgment. This document and the attendant exhibits merely supplement that motion.

3

(5:12CV01459)

specific facts showing that there is a genuine issue for trial.'" *Ellington v. City of East Cleveland,* 689 F.3d 549, 552 (6th Cir. 2012) (*quoting Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009)). "'A genuine issue of material fact exists when there is sufficient evidence for a trier of fact to find for the non-moving party.'" *U.S. ex rel. Wall v. Circle C Construction, LLC*, 697 F.3d 345, 351 (6th Cir. 2012) (*quoting Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006)). "Reviewing the facts in the light most favorable to the nonmoving party, the court must ultimately determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Blizzard v. Marion Technical College*, 698 F.3d 275, 282 (6th Cir. 2012) (internal quotations omitted).

### III. Discussion

This case requires the Court to interpret and apply the two-dismissal rule of Fed. R. Civ. P. 41(a)(1)(B). Rule 41(a)(1)(A) provides in relevant part that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Rule 41(a)(1)(B), in turn, spells out the effect of such a dismissal: "Unless the notice . . . states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

The Pension Fund argues that the voluntary dismissal of Evans II was an "adjudication on the merits" within the meaning of Rule 41(a)(1)(B), because Evans had previously dismissed a state-court action, Evans I, based on the same claim. ECF No. 11 at 8-9. That it was not named

4

(5:12CV01459)

as a defendant in Evans I is immaterial, claims the Pension Fund, because "its privy, OLFBP, was sued, instead." ECF No. 11 at 9.  Accordingly, the Pension Fund asserts that the present action is barred by the doctrine of *res judicata*.  ECF No. 11 at 8.

Evans responds that this action is not subject to the two-dismissal rule.  Evans maintains that the Pension Fund was neither a party in Evans I nor was it in privity with any defendant of that lawsuit.  ECF Nos. 12 at 4 and 7; 17 at 3.  Evans also claims that because the Court approved the dismissal of Evans II, that dismissal did not occur "without a court order" within the meaning of Rule 41(a)(1)(A), thus prohibiting the rule's application.  Finally, Evans contends that Evans I did not "appropriately" state a claim for benefits under ERISA.  ECF No. 12 at 5.

The two-dismissal rule is somewhat of an outlier within the federal rules of practice. "The basic purpose of the Federal Rules is to administer justice through fair trial, not through summary dismissal as necessary as they may be on occasion." *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373, 86 S. Ct. 845, 15 L. Ed. 2d 807 (1996).  "The 'two dismissal' rule is an exception to the general principle, contained in Rule 41(a)(1) and honored in equity prior to the adoption of the Federal Rules, that a voluntary dismissal of an action does not bar a new suit based upon the same claim." *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976).

"'Because of the ease with which a voluntary dismissal may be secured, courts have held that the two-dismissal rule was practically necessary to prevent an unreasonable use of dismissals.'" *Demsey v. Demsey*, 488 Fed. Appx. 1, 2 (6th Cir. 2012) (*quoting Loubier v. Modern Acoustics*, 178 F.R.D. 17, 20 (D.Conn. 1998)).  In particular, "Rule 41(a)(1)(B) 'was intended to

5

(5:12CV01459)

eliminate the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure.'" *Demsey v. Demsey*, 488 Fed. Appx. at 2 (*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)); *see* C. Wright, A. Miller, 9 Federal Practice & Procedure: Civil 3d § 2368, p.567 (2008) (intent was to "prevent delays and harassment caused by plaintiffs securing numerous dismissals without prejudice").

Strictly speaking, "[t]he two dismissal rule does not bar a subsequent suit, but instead merely states that when the rule applies, the dismissal of the second suit operates as an adjudication on the merits; once there is an adjudication on the merits, it is the doctrine of *res judicata* which bars subsequent suits on the same cause of action." *Western Group Nurseries, Inc. v. Ergas*, 211 F. Supp. 2d 1362, 1368 (S.D. Fla. 2002); *see Manning v. South Carolina Dept. of Highway & Public Transportation*, 914 F.2d 44, 46 (4th Cir. 1990) ("Because a notice of a second dismissal by the plaintiff serves as an 'adjudication upon the merits,' the doctrine of *res judicata* applies."). Due to the preclusive effect of the rule, the Second Circuit has sensibly cautioned that "a court should be most careful not to construe or apply the exception too broadly" where the purpose behind the rule "would not appear to be served by its literal application." *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d at 1017.

Although a defendant who was not actually named as party in prior actions may generally not invoke the two-dismissal rule, it has widely been recognized that "the rule may be applied to bar suit against a defendant who is substantially the same, or in privity, with a defendant named in the prior suits . . . ." M. Bender, 8 Moore's Federal Practice § 41.33[7][k], p. 41-103 (3d ed.

6

(5:12CV01459)

2012); *see* 9 Federal Practice & Procedure: Civil 3d at § 2368, p.567 (recognizing same rule); American Cyanamid Co. v. Capuano, 381 F.3d 6, 17 (1st Cir. 2004) (same); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724, 728 (9th Cir. 1991) (rejecting privity but adopting "substantially the same" standard), *cert. denied*, 503 U.S. 920, 112 S. Ct. 1295, 117 L. Ed. 2d 518 (1992); Manning v. South Carolina Dept. of Highway & Public Transportation, 914 F.2d 44, 48 (4th Cir. 1990) (adopting privity standard); Loubier v. Modern Acoustics, Inc., 178 F.R.D 17, 20 (D. Conn. 1998) (rule applies where there is "a sufficient relationship between the parties"); Ogden Allied Sec. Services, Inc. v. Draper & Kramer, 137 F.R.D. 259, 261 (N.D. Ill. 1991) ("adopt[ing] the view that defendants must be the same, substantially the same, or in privity for the 'two dismissal' rule to apply"). While the Sixth Circuit has not explicitly recognized this principle as it relates to the *federal* two-dismissal rule; *see* Microvote Corp. v. Casey, 1995 WL 364170 (6th Cir. 1995) (finding privity standard in Ohio's version of two-dismissal rule); the weight of the authority across jurisdictions suggests that this is the sound and proper approach.

The issue, then, is whether the Pension Fund is substantially the same as or in privity with any of the defendants named in Evans I, that is, OLFBP or LDC. There appears to be no established framework with which to discern whether parties are "substantially the same." *See, e.g.,* Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d at 728 ("We need not define the precise parameters of the applicable test. We hold only that the wholly-owned subsidiary and partnership in which that subsidiary is the general partner may invoke the two dismissals of the subsidiary's parent for purposes of Rule 41(a)(1) res judicata.").

7

(5:12CV01459)

The concept of privity, however, is well known within the doctrine of *res judicata*. *Res judicata* works to bar a subsequent action "if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) *a subsequent action between the same parties or their 'privies'*; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior actions; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods, Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (emphasis in original). Privity thus expresses the idea that "as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties. . . . The statement that a person is bound by or has the benefit of a judgment as a privy is a short method of stating that under the circumstances and for the purpose of the case at hand he is bound by and entitled to the benefits" of *res judicata*. Restatement (First) of Judgments, § 83 (1942), comment a.

The Sixth Circuit has identified three distinct theories of privity. *See Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999). The first theory, not at issue here, is that those who are successors in interest to a party will be bound by a judgment against that party. *Id.* The second theory is that a nonparty who controlled the original suit will be bound by the resulting judgment. *Id.* To have control of the litigation "requires that a person have effective choice as to the legal theories and proofs to be advanced in behalf of the party to the action. He must also have control over the opportunity to obtain review." *Id.* at 423 (internal quotations omitted). Lastly, a nonparty who is adequately represented by a party will also be

(5:12CV01459)

precluded from relitigating the same issues. *Id.* at 422. Adequate representation requires "an express or implied *legal* relationship in which parties to the first suit are *accountable* to non-parties who file a subsequent suit raising identical issues. *Id.* at 423 (emphases in original; internal quotations omitted). The Pension Fund claims that it is in privity with OLFBP on the basis of the latter two categories–control of the suit and adequate representation.[3] ECF No. 18 at 2 n.4, *citing Taylor v. Sturgell*, 553 U.S. 880, 894-95, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008).

In an attempt to explain its relationship with OLFBP, the Pension submits a printout from OLFBP's website that provides the following information. OLFBP is the "administrative office" for two labor trust funds, one which provides medical benefits to eligible members, and the other–the Pension Fund–which provides pension benefits to members at retirement. ECF No. 16-3 at 1. OLFBP also operates as an "accounting office" for two other trust funds. ECF No. 16-3 at 1. Contributions are made to the trust funds by "contractors" who enter into collective bargaining agreements with local labor unions. ECF No. 16-3 at 1. Each trust fund, including the Pension Fund, is governed by a joint management-labor board of trustees. ECF No. 16-3 at 2. All decisions affecting the trust funds, such as the determination of eligibility requirements and benefit levels, are made by the boards of trustees. ECF No. 16-3 at 2. Once the decisions are made, OLFBP is responsible for administering the decisions. ECF No. 16-3 at 2.

---

[3] Citing *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Bank*, 333 Fed. Appx. 994, 999 (6th Cir. 2009), the Pension Fund also asserts that privity may be found where the parties share a "mutuality of interest" and where there is a "principal-agent" relationship. ECF No. 16 at 8. *ABS Industries*, however, involved a discussion of Ohio law. Although Ohio's conception of privity may overlap with that identified by the Sixth Circuit, the Court is bound to follow the law as it has been established by the Sixth Circuit.

9

(5:12CV01459)

An "office," however, is not an entity identified by the rules of practice as one capable to sue or be sued.  See Fed. R. Civ. P. 17(b); *see also* Ohio R.C. 1701.01(EE).  If OLFBP is incapable of participating in a lawsuit, then it most assuredly could not have been in privity with the Pension Fund so as to bind the Pension Fund to a judgment.

The Pension Fund intimates that OLFBP is an "unincorporated association" within the meaning of Fed. R. Civ. P. 17(b)(3)(A), and, therefore, it is capable of defending a lawsuit.  The Pension Fund proffers the affidavit of Matthew Archer, the "administrative manager" of OLFBP, who states that OLFBP is merely a name used to refer collectively to various trust funds, including the Pension Fund.  ECF No. 16-1 at 1.  Similarly, an email written by defense counsel to Evans' attorney claims that OLFBP "is not an entity, it is an easy reference for all the various funds."  ECF No. 17-6.  These representations are at odds, however, with other evidence indicating that OLFBP is merely an "office" that provides administrative and accounting services for trust funds.  The Pension Fund fails to explain or reconcile this apparent inconsistency.

The Court is also unimpressed with the Pension Fund's naked claim that OLFBP may be sued as a plan administrator within the rubric of ERISA.  *See* *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 365, 122 S. Ct. 2151, 153 L. Ed. 2d 375 (2002) (observing that many federal courts of appeals "have interpreted ERISA to permit suits under [29 U.S.C.] § 1132(a) only against ERISA plans, administrators, or fiduciaries").  "'The proper defendant in an action concerning ERISA benefits is the party that controls administration of the plan.'" *LifeCare Management Services, LLC v. Insurance Management Administrators, Inc.*, __ F.3d __, 2013 WL 57035 at *6 (5th Cir.) (*quoting Garren v. John Hancock Mutual Life Isn. Co.*, 114 F.3d 186,

10

(5:12CV01459)

187 (11th Cir. 1997)); *see Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.) ("Unless an employer is shown to control administration of a plan, it is not a proper party defendant"), *cert. denied*, 488 U.S. 826, 109 S. Ct. 76, 102 L. Ed. 2d 52 (1988).  Although there is evidence that OLFBP takes on some administrative duties, the Pension Fund fails to inform the Court of whether OLFBP *controls* the administration of the benefit plan relevant in this case.  Moreover, registration documents from the Ohio Secretary of State discloses that the general business of the Pension Fund is "retirement fund administration."  ECF No. 17-4 at 3.

Finally, the Pension Fund's claim that OLFBP "pursues numerous delinquent contribution actions on behalf of the Pension Fund" is unsubstantiated.  ECF No. 16 at 4.  It is true that OLFBP's name is mentioned in the caption of a number of cases pursuing delinquent contributions.  *See, e.g., Board of Trustees of Ohio Laborers' Fringe Benefit Programs v. Savcon, Inc.*, 2012 WL 668800 (S.D. Ohio 2012); *Board of Trustees of Ohio Laborers' Fringe Benefit Programs v. Jenkins*, 283 Fed. Appx. 315 (6th Cir. 2008).  Nevertheless, a closer examination of these cases reveal that the plaintiffs in these suits are *the trustees* of various employee benefit plans, not OLFBP.  *See, e.g., Board of Trustees of the Ohio Laborers' Fringe Benefit Programs v. Jenkins*, 2008 WL 2002660 at *1 ("Plaintiffs, trustees of employee benefit plans, asserts claims for injunctive and monetary relief").

Because the record is either poorly developed or ambiguous as to threshold issues of what OLFBP is, what it does, whether it is a legal entity, and whether it may be sued, summary judgment may be denied on this basis alone.  The court also observes that no evidence has been offered to show that the Pension Fund would control OLFBP's handling of any lawsuit by

11

(5:12CV01459)

exercising "effective choice" as to the legal theories and proofs advanced. See *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 193 F.3d at 423. Nor does the Pension Fund show that it would be adequately represented by OLFBP through evidence that it could hold OLFBP or its attorney legally accountable for the result of an action. *Id.* at 423-24. Archer's testimony that the Pension Fund and OLFBP "shared the exact same interests and had no contrary interests" does not squarely address these questions. ECF No. 16-1 at 4.

## IV. Conclusion

The harsh effect of the two-dismissal rule militates against construing its reach too broadly. The Court will not wield that rule to deprive Evans of his claim unless that claim is plainly subject to the rule. Because the Pension Fund fails to demonstrate the absence of any genuine issue of material fact in that regard, the Motion for Summary Judgment (ECF No. 11, 16) is denied. This case is scheduled for a telephonic case management conference on March 4, 2013 at 2:00 p.m.


    IT IS SO ORDERED.

| | |
|---|---|
| February 11, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |