PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM EVANS, | ) | |
| | ) | CASE NO. 5:12CV01459 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OHIO LABORERS FRINGE BENEFIT PROGRAMS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 25, 26] |

Plaintiff has filed a motion, docketed at ECF No. 26, to supplement the administrative record by adding an itemized statement of earnings that was submitted in the course of the administrative proceedings but was not filed by Defendant as part of the record. Defendant does not oppose. Plaintiff's motion to supplement is hereby granted.

Plaintiff has also filed a motion to strike, docketed at ECF No. 25, with respect to two portions of the administrative record. The Court "is strictly limited to a consideration of the information actually considered by the administrator." *Killian v. Healthsource Provident Administrators, Inc.*, 152 F.3d 514, 522 (6th Cir. 1998). First, Plaintiff seeks to strike Page 001, which appears to be a summary of events created by Defendant after the administrative proceedings. ECF No. 23-1 at 1. Defendant does not oppose the striking of Page 001 "to the extent it may be characterized as a summary" but Defendant seeks to rely upon the facts set forth in the summary "to the extent they were relied upon by the Trustees in denying Plaintiff's benefit." ECF No. 28 at 1. The Court strikes Page 001, with the proviso that Defendant may continue to rely on the facts contain therein if they are supported by other parts of the record that

(5:12CV01459)

are admissible.

Second, Plaintiff seeks to strike a post-it note attached to an affidavit submitted by his former counsel.  *See* ECF No. 23-1 at 51.  The post-it note does not indicate who wrote it or precisely when it was written.  From the dates mentioned on the note ("3/31/09" and "10/21/10") it is clear that the note was not reviewed by the administrator during the administrative proceedings.  The note is hereby stricken.

Defendant argues that if the post-it note is stricken, then the affidavit should be stricken, as well.  ECF No. 28 at 1.  Defendant argues that the affidavit was untimely submitted in support of Plaintiff's administrative appeal, and, because it was submitted after the administrator made its decision, it cannot be included in the record.  ECF No. 28 at 2.  The Court disagrees.  Even though the affidavit was submitted after the date of the administrator's decision, the administrator still reviewed it and drafted a reasoned response to Plaintiff explaining why the affidavit had no substantive effect on the decision denying benefits.  ECF No. 23-1 at 53.  This suffices to permit the affidavit to remain in the record, whereas the post-it note, whose author and authenticity is unknown, and which creation was beyond the scope of the administrative proceedings, cannot remain.

Accordingly, the Court grants Plaintiff's motion to supplement (ECF No. 26) and motion to strike (ECF No. 25).

    IT IS SO ORDERED.

|  April 30, 2013 |  */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |